UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MISTY LANGAN,

      Plaintiff,

v.

Case No.:

KOHL'S DEPARTMENT STORES, INC.
d/b/a KOHL'S and
CAPITAL ONE BANK (USA), N.A.,

      Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, MISTY LANGAN (hereinafter, "Plaintiff"), by and through undersigned counsel, and hereby sues Defendants, KOHL'S DEPARTMENT STORES, INC. d/b/a KOHL'S (hereinafter, "Kohl's") and CAPITAL ONE BANK (USA), N.A (hereinafter, "Capital One") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 *et seq.* (hereinafter, "TCPA"), and Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts, wherein Defendants unlawfully attempt to collect a consumer debt from Plaintiff via harassing and unlawful means, including unlawful calls to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice, despite lacking Plaintiff's consent to make such calls to his cellular telephone.

### JURISDICTION, PARTIES, AND VENUE

1

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA claim and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

4. At all material times herein, the conduct of Defendants, complained of below, occur in Polk County, Florida.

5. At all material times herein, Plaintiff is an individual residing in Polk County, Florida.

6. At all material times herein, Kohl's is a Florida entity that, themselves and through their subsidiaries, regularly collect debts from consumers in Polk County, Florida.

7. At all material times herein, Capital One is a foreign entity that, themselves and through their subsidiaries, regularly collect debts from consumers in Polk County, Florida

8. At all material times herein, Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

9. At all material times herein, Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number, (863-XXX-5846) (hereinafter, "Plaintiff's Cellular Telephone" or "Cellular Telephone") and was the called party and recipient of Defendant's auto-dialed and pre-recorded voice calls, as referenced below.

**FCCPA STATUTORY STRUCTURE**

11. The FCCPA is a state consumer protection statute, modeled after the federal FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. Fla. Stat. §§ 559.55 and 559.77(5).

12. The FCCPA imposes liability on any creditor/person as well as any debt collector who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. Fla. Stat. § 559.55(5).

13. Specifically, the FCCPA prohibits unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." Fla. Stat. § 559.55(2) (emphasis added).

14. For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor and communicating with a consumer-debtor after they know the consumer-debtor is represented by counsel. *See* Fla. Stat. § 559.72(7) & (18).

## TCPA STATUTORY STRUCTURE

15. Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

16. Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only

effective means of protecting telephone consumers from this nuisance and privacy invasion." Id. at (5) and (12).

17. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

18. Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. *Id*. at § 227(b)(3)(C).

## **GENERAL ALLEGATIONS**

19. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

20. At all material times herein, Defendants are a "creditor" as defined by Florida Statutes, Section 559.55(5).

21. At all material times herein, Defendants attempt to collect a consumer debt, including but not limited to, a personal credit card balance allegedly owed by Plaintiff. (hereinafter, the "Debt").

22. At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

23. At all material times herein, Defendants are a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

24. At all material times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as a "communication" as defined by Florida Statutes, Section 559.55(2).

25. At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

26. Plaintiff retained undersigned counsel for purposes of this matter, and Plaintiff is obligated to pay her attorneys a reasonable fee and reimburse her attorneys for reasonable costs expended in this action.

27. All necessary conditions precedent to the filing of this action occurred or Defendants waived the same.

## FACTUAL ALLEGATIONS

28. In or around May 2019, Plaintiff filed a voluntary petition for Chapter 7 Bankruptcy in the Middle District of Florida, Tampa Division, Case No. 8:19-bk-4320-MGW (hereinafter, "Bankruptcy").

29. Defendants were notified of the Bankruptcy shortly thereafter.

30. Notwithstanding, Defendants continued to place automated, artificial, and pre-recorded calls to Plaintiff's Cellular Telephone in attempts to collect the Debt.

31. On multiple occasions, Plaintiff advised Defendants that she included the Debt within the Bankruptcy and requested Defendants to stop calling her Cellular Telephone.

32. When Plaintiff answered Defendants' calls to her Cellular Telephone, Plaintiff would have to say "hello" multiple times before being connected with a representative.

33. Such a pause after answering is a tell-tale indication of Defendant's use of an automatic telephone dialing system or predictive telephone dialing system.

34. Defendants left pre-recorded voice messages on Plaintiff's Cellular Telephone voicemail.

35. Defendants—or their authorized vendor or third-party agent acting within a scope of authority granted by Defendants, with the knowledge of Defendants, and under the control of the Defendants—used an automated telephone dialing system, predictive telephone dialing system, or pre-recorded voices to place calls to Plaintiff's Cellular Telephone.

36. As a result, Defendants' subsequent, repeated attempts to induce payment were made with the intent to exhaust Plaintiff's will and harass Plaintiff.

37. Defendants' conduct caused Plaintiff to suffer injuries in fact through significant anxiety, emotional distress, frustration, and anger.

38. Florida Statutes, Section 559.77, provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

39. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

40. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICES –
## VIOLATION OF FLORIDA STATUTES, SECTIONS 559.72(7)

Plaintiff re-alleges paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

41. Defendants are subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting the consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

42. Specifically, as noted above, although Plaintiff repeatedly requested/demanded that the direct collection communication cease by phone, and explained why she did not owe the Debt, Defendants nevertheless continued to call Plaintiff's Cellular Telephone it its attempts to collect the Debt.

43. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICES –
## VIOLATION OF FLORIDA STATUTES, SECTIONS 559.72(18)

Plaintiff re-alleges paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

44. Defendants are subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by communicating with Plaintiff after Defendants knew Plaintiff was represented by counsel with respect to this Debt.

45. Specifically, as noted above, Defendants were notified of the Bankruptcy and her representation, yet continued to communicate with her.

46. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages

as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

47.     Defendants are subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

48.     Defendants used an automatic telephone dialing system or an artificial or pre-recorded voice to unlawfully call Plaintiff's Cellular Telephone in its attempts to collect the Debt.

49.     If Defendants contend they possessed prior express consent, Plaintiff revoked such consent when she provided notice of the Bankruptcy.

50.     Defendants' telephone calls complained of herein are the result of repeated willful and knowing violations of the TCPA.

51.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered:

    a.     The periodic loss of her cell phone service;

    b.     Lost material costs associated with the use of cell phone minutes allotted under her cell phone service contract;

    c.     The expenditure of costs and attorney's fees associated with the prosecution of this matter;

    d.     Stress, anxiety, and loss of sleep, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e. Statutory damages.

## COUNT FOUR:
## INVASION OF PRIVACY-INTRUSION UPON SECLUSION

52. Plaintiff re-alleges paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

53. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another." *See Purrelli v. State Farm Fire and Cas. Co.*, 698 So. 2d 618, 620 (Fla. 2d DCA 1997).

54. Defendants violated Plaintiff's privacy.

55. Defendants' violations include, but are not limited to, the following:

a. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by intentionally placing voluminous annoying, hounding, and harassing telephone calls to Plaintiff in an attempt to collect on an alleged debt despite Plaintiff's requests for the calls to cease.

b. Defendants intentionally, and not accidently, generated a high frequency of telephone calls to Plaintiff after Plaintiff's multiple requests for the telephone calls to cease.

56. Defendants' conduct is unreasonable and highly offensive to a reasonable person as Defendant's frequent telephone calls often interrupted Plaintiff's work and sleep schedule.

57. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the Debt.

58. As a direct and proximate result of Defendants' conduct, Plaintiff suffered stress, anxiety, and loss of sleep, as a result of the repeated harassing and hounding telephone call campaign, which continued even after Plaintiff requested that the calls cease.

59. As a result of Defendants' violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a. Judgment against Defendants declaring that Defendants violated the FCCPA;

b. Judgment against Defendants for maximum statutory damages for violations of the FCCPA;

c. Judgment against Defendants for maximum statutory damages for violations of the TCPA;

d. Judgment against Defendants declaring that Defendants invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion;

e. Actual damages;

f. An award of attorneys' fees and costs; and

g. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

/s/ *Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
aswift@swift-law.com
jisringhaus@swift-law.com
*Attorneys for Plaintiff*